IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT SINGLETON and<br>JOCELYN WILSON, Administrators<br>of the Estate of ALIVIA SINGLETON,<br>deceased,<br><br>         Plaintiffs,<br><br>v.<br><br>PHARMATECH, LLC; THE HARVARD<br>DRUG GROUP, LLC d/b/a RUGBY<br>LABORATORIES; and BAYSHORE<br>PHARMACEUTICALS, LLC,<br><br>         Defendants.<br><br>v.<br><br>FLORIDA ULTRAPURE WATER, LLC<br>d/b/a ALL FLORIDA WATER, INC.; and<br>BRUCHEM, INC.,<br><br>         Third Party Defendants. | Civil Action No. 17-921<br>Senior Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

In this product liability action, Plaintiffs Lamont Singleton and Joceyln Wilson ("Plaintiffs") assert that their child, A.S.'s injuries and death were caused by a contaminated stool softener product the child ingested in a Pennsylvania Hospital. (Docket No. 35). The product was manufactured and sold by Defendant Pharma Tech, LLC, through distributor Defendants the Harvard Drug Group, LLC and Bayshore Pharmaceuticals, LLC. (Id.). Pharma Tech is no longer participating in this litigation and its former counsel was granted leave to withdraw. (Docket No. 151). Relevant here, the Harvard Drug Group has asserted negligence/contribution and common

1

law indemnity claims against Florida Ultrapure Water, LLC ("Florida Water") in a Third Party Complaint. (Docket No. 161). Presently before the Court are Florida Ultrapure Water's Motion to Dismiss for Lack of Jurisdiction, (Docket No. 188), its Brief in Support, (Docket No. 189), the Harvard Drug Group's Motion to Stay Briefing Schedule, (Docket No. 200), and Brief in Support, (Docket No. 201), Florida Water's Response in Opposition, (Docket No. 208), the Harvard Drug Group's Reply, (Docket No. 212), Florida Water's Sur-Reply, (Docket No. 215), and the parties' responses to the Court's Show Cause Order, (Docket Nos. 216; 223). After careful consideration of the parties' submissions, and for the following reasons, the Harvard Drug Group's Motion to Stay [200] is denied and Florida Water's motion to dismiss [188] is granted.

At the outset, the Court notes that it dispenses with a lengthy recitation of the facts as it writes primarily for the parties and the applicable legal standards governing motions to dismiss for lack of personal jurisdiction and corresponding motions for jurisdictional discovery are set forth in this Court's prior opinions as well as the Hon. Joy Flowers Conti's detailed analysis in *Miller v. Native Link Construction, LLC et al.*, Civ. A. No. 15-1605, 2017 WL 3536175 (W.D. Pa. Aug. 17, 2017), which this Court finds most persuasive. To that end, it is well established that following the Pennsylvania long-arm statute, this Court may only exercise personal jurisdiction over an out-of-state defendant upon a showing that the defendant is either subject to: (1) general personal jurisdiction arising from its continuous and systematic contacts with the forum state; or, (2) specific personal jurisdiction when the causes of action in the lawsuit arise from the defendant's

2

forum-related activities and the defendant can be said to have purposely availed itself to the jurisdiction of the Court. *Id*. at *18-20. When a dispute as to personal jurisdiction arises, this Court has discretion to order parties to conduct jurisdictional discovery if the movant "establish[es] a prima facie case of personal jurisdiction." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018).

In this Court's estimation, the Harvard Drug Group has failed to meet its burden to demonstrate that jurisdictional discovery is warranted as to its Third Party Complaint against Florida Water for several reasons. *See Shuker*, 885 F.3d at 780. First, the Harvard Drug Group has not pled any facts in its Third Party Complaint alleging that Florida Water has continuous and systematic contacts with this forum, (Docket No. 161 at 50-54), such that there is no factual basis for the assertion of general personal jurisdiction over Florida Water. *See Miller*, 2017 WL 3536175, at *21-22. Second, the corresponding motion for jurisdictional discovery does not provide any foundation for the Harvard Drug Group to challenge the factual averments by Florida Water's affiant that it does not conduct business outside of Florida, let alone in the Commonwealth of Pennsylvania. (*See* Docket No. 201). Third, the Harvard Drug Group concedes in its Response to the Court's Show Cause Order that Florida Water is a Florida-based limited liability company, owned by Florida citizens, with a principal place of business in Florida, (Docket No. 216), such that the assertion of general jurisdiction over the limited liability company is not authorized. *See Miller*, 2017 WL 3536175, at *30 (holding that "[u]nder the rule of *Damiler* as it has been applied

to limited liability companies, Native Link will only be subject to general jurisdiction in the state of its organization and principal place of business.").

Fourth, while the Harvard Drug Group maintains in its motion for jurisdictional discovery that Florida Water may be subject to specific personal jurisdiction based upon an alleged awareness that Pharma Tech would be selling its products beyond Florida's borders, the Third Circuit has expressly rejected that an out-of-state defendant may be subject to specific personal jurisdiction under a stream of commerce theory. *Shuker*, 885 F.3d at 780 ("We perceive no merit in the Shukers' stream-of-commerce theory of personal jurisdiction."). Hence, Florida Water's involvement in this matter, which is limited to services provided in relation to a water filtration system at Pharma Tech's plant in Florida, is plainly insufficient to justify this Court's assertion of specific personal jurisdiction over Florida Water because there are no allegations or evidence that Florida Water purposefully availed itself or engaged in any targeted business activities directed to this forum. *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Court*, ⎯ U.S. ⎯, 137 S.Ct. 1773, 1783, 198 L.Ed.2d 395 (2017) ("[t]he bare fact that [a non-resident defendant] contracted with a [resident] distributor is not enough to establish personal jurisdiction in the State.")). Fifth, the Harvard Drug Group remains unable to make a prima facie case of personal jurisdiction (general or specific) over Florida Water here despite having opportunities to conduct discovery on Florida Water in the related Florida state court litigation, regardless of any protective order issued by that court. *See Shuker*, 885 F.3d at 780. All told, this Court declines to authorize what amounts

to a fishing expedition on Florida Water, subjecting it to jurisdictional discovery on issues which could not result in a finding by this Court that it is appropriately subject to personal jurisdiction in this Court.  See also *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017) (cautioning "[a] plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery").

In light of this analysis, the Court also finds that the Harvard Drug Group has failed to meet its burden to demonstrate that this Court may exercise personal jurisdiction over Florida Water. *See Miller*, 2017 3536175, at *18-20.  Therefore, the Court denies the Harvard Drug Group's motion to stay [200] and grants Florida Water's motion to dismiss for lack of personal jurisdiction [188], as it is well-supported and fully justifies dismissal under Rule 12(b)(2).  Such dismissal is without prejudice to the Harvard Drug Group's assertion of its claims against Florida Water in a proper forum.  An appropriate Order follows.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Date:   July 22, 2019

cc/ecf:  All counsel of record.